**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MANASSEH ADRIEL PHILIP,** ) | |
| **ID # 43839-177,** ) | |
|     Petitioner, ) | |
| ) | No. 3:12-CV-0698-L (BH) |
| vs. ) | No. 3:11-CR-0361-L |
| ) | |
| **MAUREEN CRUZ, Warden, et. al,** ) | Referred to U.S. Magistrate Judge |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be dismissed without prejudice.

**I. BACKGROUND**

Petitioner, a federal pretrial detainee currently incarcerated at the Federal Correctional Institute in Seagoville, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention and prosecution in pending Cause No. 3:11-CR-0361-L. He also seeks a temporary restraining order prohibiting the government from detaining, prosecuting and deporting him. He names Warden Cruz, Attorney General Eric Holder, and the District Director of U.S. Immigration as respondents.

Petitioner is a citizen of Sri Lanka and former permanent resident of the United States. (Pet. at 1.) In 1988, he was convicted of an offense in Dallas County, Texas. *Id.* at 2. He filed a state writ challenging his state conviction for aggravated sexual assault in 1993, and this writ was denied by the Texas Court of Criminal Appeals on January 26, 1994. *See Ex Parte Philip*, WR-25, 176, 01 (Tex. Crim. App. Jan. 26, 1994).

On April 22, 1998, petitioner filed a petition for writ of habeas corpus under § 2241

challenging his deportation; it was denied on the merits on April 30, 1998. *See Philip v. District Director*, 3:98-CV-987-P (N.D. Tex. April 30, 1998). He attempted to reopen this § 2241 case in 2002 based on changes to the immigration laws, his attempt to reopen was denied, and the denial was affirmed on direct appeal. *See Philip v. Estrada*, No. 02-11046 (5th Cir. May 16, 2003).

On December 20, 2011, petitioner was indicted in Cause No. 3:11-CR-361-L for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2). (*See* doc 1).[1] The indictment alleges in relevant part that he was deported on or about April 20, 1999, and that he was found in the United States on or about November 30, 2011. *Id.* At his initial appearance on the indictment on December 22, 2011, petitioner was appointed counsel, waived his right to a detention hearing after consulting with counsel, and was ordered detained pending trial. (docs. 5, 7, 8). On February 13, 2012, petitioner filed a document entitled, "Elements of and Punishment for the Offense and Factual Resume in Support of Plea". (doc. 13). In the document, he admitted to the elements of the offense charged in the indictment. *Id.* He appeared before a U.S. Magistrate Judge on February 23, 2012, and pled guilty as charged in the indictment, but his plea has not yet been accepted. (doc. 16).

On March 7, 2012, petitioner filed his *pro se* § 2241 habeas petition seeking relief from prosecution, pretrial detention and deportation.

## II. ANALYSIS

**A.** **<u>Pretrial Detention and Prosecution</u>**

While habeas corpus is an appropriate remedy for someone in custody in violation of the Constitution, district courts should withhold granting relief in habeas actions "where an adequate

---

[1] Unless otherwise noted, all document numbers refer to documents docketed in the underlying criminal action.

remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) (citations omitted). "[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390 (1918) (citations omitted).

Here, petitioner has adequate remedies available in the criminal action that he has not yet exhausted, and he has not alleged exceptional circumstances that warrant a departure from the regular judicial procedure. He may challenge the order of pretrial detention pursuant to 18 U.S.C. § 3145. Section 3145(b) provides that a person ordered detained by a magistrate judge may file a motion for revocation or amendment of the detention order. 18 U.S.C. § 3145(b). If the district judge denies the motion for revocation or amendment of the detention order, the detainee may appeal the decision to the Fifth Circuit as provided by 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. While the Fifth Circuit has declined to find that § 3145 is the exclusive means for a federal prisoner to challenge a pretrial detention order, it has expressly made clear that § 3145 is the preferred and appropriate means for doing so. *Fassler v. United States*, 858 F2d 1016, 1017-19 (5th Cir. 1988).

As for his pending federal prosecution, a "pre-trial writ of habeas corpus is only available to a defendant in extraordinary circumstances." *U.S. v. Bowler*, 62 F.3d 397, 1995 WL 49713, *1 (5th Cir. 1995) (per curiam). In *Bowler*, two pre-trial detainees filed a petition under § 2241 challenging the indictment against them after the district court denied their motion to dismiss it. *Id.* Noting "'the settled principle that a writ of habeas corpus may not be used ... as a substitute for the ordinary proceedings of a trial court'", the Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal. *Id.* at *2 (citing *United States v. Saegert*, 251 F.2d 59 (5th Cir. 1957)). The court concluded that the

3

petitioners' arguments should be "presented and reached 'in the orderly administration of justice.'" *Id.*[2]; *see also Bailey v. Cruz*, No. 3:11-CV-1712-K (N.D. Tex. Aug. 3, 2011) (dismissing a § 2241 petition filed by a federal pretrial detainee for failing to exhaust his remedies with respect to his claims that his right to speedy trial had been violated and that the prosecutor and defense attorney were conspiring against him).

Accordingly, Petitioner should be required to fully exhaust the remedies available to him in his pending criminal case, and his challenge under § 2241 to his pretrial detention and prosecution should be dismissed.

**B.    Deportation**

Although unclear, petitioner also appears to challenge the denial of a prior § 2241 petition concerning his past deportation and his past deportation as well as his future deportation after the conclusion of the pending criminal proceedings. (Pet. at 3).

Petitioner contends that the denial of his prior a habeas petition was "tainted" by the void conviction[3] as well as by unspecified attorney misconduct. His prior habeas petition challenging his deportation based on the state conviction was denied on its merits. *See Philip v. District Director, et. al*, 3:98-CV-987-P (N.D. Tex. July 21, 1999). After it was denied, the Fifth Circuit Court of

---

[2] Other circuits have likewise dismissed § 2241 petitions raising claims or defenses to pending federal prosecutions in favor of the pending criminal case. *See Williams v. Hackman*, 364 Fed. App'x 268 (7th Cir. 2010) (holding that "a federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case") (citing *Jones* and *Fassler*); *In re Williams,* 306 Fed. App'x 818 (4th Cir. 2009) (dismissing § 2241 petition and noting that claims of illegal arrest, unlawful detention, and violation of speedy trial rights could be raised in the pending criminal case); *Chandler v. Pratt,* 96 Fed. App'x 661 (10th Cir.2004) (affirming dismissal of § 2241 petition raising defective indictment and speedy trial act claims for failure to exhaust available remedies where claims should have been, and were being, pursued in criminal case because allowing claims would waste judicial resources and encourage judge shopping); *Horning v. Seifart*, 107 F.3d 11 (6th Cir. 1997) (Table) (finding that § 2241 cannot be invoked to raise defenses to a pending federal criminal prosecution)(*citing Jones*).

[3] Petitioner also appears to challenge the state court conviction that resulted in his deportation under 28 U.S.C. § 2254. His § 2254 claim has been severed and opened as Cause No. 3:12-CV-832. (*See* doc. 4.)

4

Appeals dismissed petitioner's appeal for lack of jurisdiction. *Philip v. District Director, et. al*, No. 99-10943 (5th Cir. Mar. 8, 2000). His subsequent Rule 60(b) motion based on the Supreme Court case *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001), was denied by the district court. *See Philip*, 3:98-CV-987-P (N.D. Tex. Aug. 29, 2002). The Fifth Circuit affirmed the denial on appeal. *Philip v. Estrada*, No. 02-11046 (5th Cir. March 19, 2003). This Court does not have jurisdiction to reconsider claims previously denied by the Fifth Circuit.

To the extent that petitioner is attempting to relitigate the original deportation order here, district courts do not have jurisdiction to conduct a habeas review of any deportation order. *Rosales*, 426 F.3d at 736; *see also Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (a district court does not have jurisdiction to review a removal order). Likewise, this court does not have jurisdiction over any challenge to petitioner's future deportation. If the Attorney General finds that he reentered the United States illegally after have been removed previously, the prior order of removal will be reinstated from its original date and is not subject to being reopened or reviewed. *See* 8 U.S.C. § 2131(a)(5). After the prior order of removal is reinstated pursuant to § 1231(a)(5), petitioner may seek review with the Fifth Circuit Court of Appeals. *See* 8 U.S.C. § 1231(a)(5); *Anderson v. Napolitano*, 611 F.3d 275, 277-78 (5th Cir. 2010) (holding that the court of appeals has the statutory jurisdiction to conduct a limited review of removal reinstatement orders); *Rosales*, 426 F.3d at 736 (holding that the courts of appeals, not the district courts, have jurisdiction to conduct judicial reviews of final removal orders). Petitioner's challenge to his past and future deportation should be dismissed for lack of jurisdiction.

### III. RECOMMENDATION

The Court should **DENY** petitioner's motion for a temporary restraining order, **DISMISS**

his challenge under 28 U.S.C. § 2241 to his pretrial detention and prosecution without prejudice for failure to exhaust available remedies, and **DISMISS** his challenge under 28 U.S.C. § 2241 to the denial of his prior habeas petition and his past and future deportation without prejudice for lack of jurisdiction.

**SIGNED this 26th day of March, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE